MILLER, trustee, *vs.* McDONALD *et al.*

1. However just or proper it may otherwise have been to grant an injunction, if done without having necessary parties before the court, it was error. Therefore, where one of two defendants to a bill in equity prayed an injunction against complainant, and subsequently died, and his death was stated, and an amendment made alleging its consequences, it was error for the court to grant an injunction without making his representative a party.

(*a.*) The death of a mortgagor revokes a power in the mortgage authorizing a sale to reimburse the mortgagee.

(*b.*) If dower and year's support be claimed by the widow and family of the decedent, they will be preferred to the mortgage of the creditor in this case; and if the complainant's deed was procured by false and fraudulent representations about his book, its value, and his having a copyright, and the decedent was cheated and defrauded, complainant has no title at all.

(*c.*) The judgment is reversed, and the case remanded, with directions that parties be made and the rights of all be determined.

September 16, 1883.

Parties. Injunction. Dower. Year's Support. Equity. Mortgage. Practice in Supreme Court. Before Judge BOWER. Calhoun County. At Chambers. May 2, 1883.

J. H. Miller, as trustee for his wife and her children, filed his bill against D. W. Holloway and James J. McDonald, alleging, in brief, as follows: In 1880, Holloway sold to complainant a tract of land containing one hundred acres. Holloway was to give him possession on January 1, 1881, but when that time arrived, refused to do so. Complainant proceeded against him as a tenant holding over, but was met by a counter-affidavit, and the proceeding is still pending in court. After his purchase, he learned that McDonald had a mortgage on the entire tract, containing two hundred and three acres, of which that sold to complainant formed a part. The mortgage is nominally for $532.00, but after eliminating usurious interest and entering proper credits for payments which had been made, there remains due $281.00. The land other than

that claimed by complainant is amply sufficient to pay the mortgage; but McDonald, under a power of sale in said mortgage, is proceeding to sell the entire tract.

The mortgage covered the tract of land and certain personalty, and contained the following power ot sale:

"I do hereby appoint and constitute J. J. McDonald and his assigns, of said county, my true and lawful attorney in fact, for me and in my name (in the event of failure on my part to promptly meet and pay off said notes), to receive and take possession of said above described property, and after advertising the same for the space of thirty days in some public gazette, to dispose of the same at the court-house in the town of Morgan, Calhoun county, to make good and sufficient titles and conveyance to said property, and with the proceeds of sale to fully pay off and discharge said note with all expenses, and to return the remainder to me or my assigns; and I hereby fully authorize my attorney to do and perform all acts that may be necessary to fully accomplish the object herein intended; I hereby ratifying and agreeing to the same in as full and free a manner as if I myself had been present doing the same."

A combination between the two defendants for the purpose of defeating the recovery of the land by complainant is charged. The prayer was for discovery, injunction to restrain McDonald from selling the land under the mortgage, and both of defendants from combining to complicate the same, and for general relief.

Holloway answered the bill, admitting the sale to complainant and the making of the deed to him; but asserted, by way of cross-bill, that the deed was obtained by fraud, the consideration being a one-half interest in a certain arithmetic, of which complainant claimed to be the author, and concerning which he made various representations, including the statement that he owned the copyright. These representations were false; complainant did not have a copyright for the book, but it was an infringement of the copyright of another person. He prayed a cancellation of the deed, and injunction against the complainant to restrain the prosecution of his suit, and for general relief.

McDonald answered, denying usury or the existence of

payments which had not been credited.   He insisted that it would take all, or about all, of the land to pay the mortgage, and that he had a right to sell under the power contained therein.

Before the hearing of the application for injunction, Holloway died.   Complainant thereupon amended the bill, alleging his death, and insisting that this worked a revocation of the power of sale contained in the mortgage to McDonald.

On the hearing, the bill, answers and various affidavits were introduced.   The chancellor refused the injunction prayed for by complainant, but granted an injunction against him, restraining him from selling, disposing of or encumbering the property.   He excepted.

C. B. WOOTEN, for plaintiff in error.

J. J. BECK, by A. HOOD, Jr., for defendants.

JACKSON, Chief Justice.

The plaintiff in error filed a bill to enjoin McDonald, one of the defendants, from selling under his mortgage on the property of Holloway, the other defendant, on the ground that the complainant held title to a portion of the property mortgaged, and on the further ground, by amendment, that Holloway was dead, and thereby the power to sell under the mortgage was revoked.   Holloway, before his death, set up in his answer certain allegations of fraud in the procurement of his deed against complainant, and prayed an injunction against him from interference with his, Holloway's, property.

The record nowhere discloses the fact that any party had been made, either executor or administrator, to represent Holloway, though by order of court the amendment was made alleging his death and the legal consequence thereof—the revocation of the power to sell.   Yet the chancellor granted the prayer of Holloway to restrain

complainant from all interference with the property, when he was dead, and no parties made.

1. Of course this was error, for the reason of want of parties, however little merit there was in complainant's case, and however just the judgment of the chancellor may otherwise have been.

2. The chancellor also denied the prayer of the complainant to restrain McDonald from selling under the power in the mortgage after the amendment suggesting Holloway's death. That death revoked the power to sell under the ruling by this court in the case of *Lathrop & Co. vs. Brown, executor,* 65 *Ga.,* 312.

But that ruling goes further, and expressly denies that a year's support of the family of the decedent would be preferred to the mortgage creditor, as also would the widow's right to dower. Hence the necessity of making the representative of Holloway's estate a party, as well as the widow of Holloway.

The judgment is therefore reversed, and it is ordered that the case be remanded, with directions that Holloway's representative and his widow be made parties, and that McDonald, having been drawn into equity, may proceed by decree to foreclose his mortgage, unless the representative of Holloway and his widow set up adverse claims which absorb the entire estate, and unless the complainant be able to show clear title, unaffected with fraudulent procurement thereof, to a portion of the land; that all parties litigate *inter sese* their respective claims, and be enjoined from altering the present status of the property and estate of the decedent, Holloway, until the final decree thereon.

And in order to facilitate the final settlement of the issues which may be made, this court holds and expresses its opinion that, if dower and a year's support be claimed by the widow and family, they will be preferred to the mortgage creditor, and if the complainant's deed was procured by false and fraudulent representations about his book and its value, and the statement that he had a copy-

right thereto when he has none, and thus cheated and defrauded the decedent, then he had no title at all, and can interfere neither with McDonald nor the representative of Holloway, his widow and the family.

Judgment reversed.