### Roland vs. Coleman & Co.

Refusal of Injunction, from Bibb. Deeds. Mortgages. Powers. Sales. Administrators and Executors. Principal and Agent. (Before Judge Simmons.)

Jackson, C. J.—A debtor made to his creditor an instrument in the form of a warranty deed. After the warranty clause followed a stipulation that "this conveyance is intended to operate as provided by an act of the General Assembly of said State, and the act amendatory thereof, entitled an act to provide for sales of property to secure loans and other debts." It then recited the present indebtedness secured and that a further indebtedness was contemplated, which should likewise be so secured, and provided that if the indebtedness was not promptly paid at maturity, the creditors were authorized to sell the property at public outcry, after advertising it, and to make a title to the purchaser, and that the proceeds should be applied first to the payment of the debt and interest and the expenses of the proceeding, including attorney's fees, and that the remainder, if any, should be paid to the debtor:

Held, that the instrument conveyed the title to the property to the creditors, to secure the debt due them, and, the power of sale being coupled with an interest, was not revoked by the death of the grantor. Code, §§1969, 1870, 1971; 55 Ga., 650; 54 Id., 45, 441; 57 Id., 601; 59 Id., 507; 60 Id., 588, 562; 61 Id., 398; 64 Id., 657; 66 Id., 704.

(a) This case differs from those of Lathrop & Co. *vs.* Brown, executor, *et al.*, 65 Ga., 312; Miller, trustee, *vs.* McDonald *et al.*, 72 Ga., 20; and Wofford *vs.* Wyly *et al.*, Ibid, 863.

2. The record as to the sufficiency of the advertisement is not clear, but as the sale was postponed by the restraining order, a readvertisement will be necessary, and this may be done properly.

3. The execution of the power to sell is not a suit against the administrator of the deceased debtor, so as to require a delay of twelve months before action can be taken.

Judgment affirmed.

Nisbet, Edge & Nisbet, for plaintiff in error.

Dessau & Bartlett, for defendants.