[No. 464.   August 18, 1892.]

TERRITORY OF NEW MEXICO EX REL. CHARLES H. GILDERSLEEVE, PLAINTIFF IN ERROR, v. JOSE L. PEREA, SHERIFF, ETC., DEFENDANT IN ERROR.

TAX SALE—CERTIFICATE OF PURCHASE, ASSIGNMENT OF—SECTION 2885, COMPILED LAWS, 1884—CONSTRUCTION OF STATUTES.—The writing of his name in blank by the purchaser on the back of a certificate of tax sale is not sufficient to constitute an "indorsement," within the meaning of section 2885, Compiled Laws, providing that such certificates "shall be assignable by indorsement." By the words "assignable by indorsement," is meant that the assignment itself as well as the name of the assignor shall be written upon the instrument; and a holder of such a certificate, signed on the back by the purchaser in blank, is not authorized to write an assignment above such signature.

ID.—RECORDING OF CERTIFICATE—TITLE.—The mere delivery to another of a certificate of tax sale by the original purchaser, with his name written in blank on the back, vests no right or title in the holder. Under section 2885, Compiled Laws, before the right and title of the original purchaser of such certificate can vest in an assignee or his legal representatives, the assignment must be entered upon the record of sales in the office of the probate clerk, and such entry must be made before any rights of innocent parties, acquired under such certificate, intervene.

ID.—CERTIFICATE OF PURCHASE—MANDAMUS BY HOLDER TO COMPEL
SHERIFF TO EXECUTE DEED.—In a proceeding by mandamus, by a
holder of a certificate of tax sale, indorsed in blank by the original
purchaser, to compel the sheriff and ex officio collector of Bernalillo
county to execute and deliver to him a deed to the land sold, where
it appeared that the defendant, by the order of the board of county
commissioners, had previously made and delivered to the adminis-
trator and legatee of the original purchaser a deed to the land, after
the time of redemption had expired; that the proceedings before the
board were regular; and that, at the time of the execution and
delivery of the deed, there was no assignment of such certificate of
record in the office of the probate clerk,—Held: The sheriff had no
power to execute a second deed to the land, while the first deed
remained uncanceled, and the court below properly refused to grant
a peremptory writ of mandamus to compel him to do so.

ERROR, from a judgment in favor of defendant, to
the Second Judicial District Court, Bernalillo county.
Judgment affirmed.

The facts are stated in the opinion of the court.

WARREN, FERGUSSON & BRUNER for plaintiff in
error.

Section 2885, Compiled Laws, 1884, expressly
provides that "the certificate of sale shall be assignable
by indorsement," and the court erred in holding that
the indorsement in blank and delivery of the certificate
to the relator, by Moore in his lifetime, was, under the
admitted circumstances, ineffectual to transfer the
same to relator. At common law a chose in action,
such as a certificate of sale, was not assignable. Mande-
ville v. Welch, 5 Wheat. 283.

An "assignment" is the transfer to another of the
whole of, or any estate or right in, any property, real
or personal, in possession, or in action. 1 Bouv. Law
Dict. 194.

"Indorsement" is the "writing one's name on
the back" of the instrument assigned for the purpose
of transferring the right of the holder to some other
person. 1 Bouv. Law Dict. 790; 20 Vt. 499.

The purpose of the statute is to make the certificate assignable by indorsement and delivery, and a blank indorsement and delivery vests in the holder the legal title upon filling up the formal assignment to himself and entering the same upon the record of sales as required by the statute. 13 S. & R. 315; 18 Pick. 63; 16 East, 12; Hyde v. Supervisors, 43 Wis. 136; Potts v. Cooley, 13 N. W. Rep. 682; Tutt v. Cousins, 50 Mo. 152; Noyes v. Brown, 33 Vt. 431; Runyan v. Mersersan, 11 Johns. 504.

The assignment by indorsement in blank imported authority to the assignee to fill in the full assignment above the signature, which might be done at any time. Evans v. Gee, 11 Pet. 80; Palmer v. Nassau Bank, 78 Ill. 380; Morris v. Preston, 93 Id. 215; Angle v. N. W. Ins. Co., 92 U. S. 330.

The assignment thus made, upon being entered in the record of sales, in pursuance of the statute, vested in the assignee all the right and title of the purchaser. Comp. Laws, sec. 2892.

The proceedings before the board of county commissioners were wholly ex parte, and the order to the sheriff to make the deed was res inter alios acta so far as the actual holder of the certificate was concerned, and he is not bound in any way by the proceedings. Comp. Laws, sec. 2892; Black. Tax Tit., pp. 371, 374, 442, et seq.; Bouldin v. Massie, 7 Wheat. 122.

The execution of the deed to Moore's representatives did not exhaust the power, nor relieve from the duty imposed upon the sheriff as collector by section 2892, and the third, fourth, and fifth conclusions of law were erroneous. Black. on Tax Tit. 371, 492; Corbin v. Bronson, 28 Kan. 534; Douglas v. Unzam, 16 Kan. 515; White v. Strabes, 17 Wis. 146; Clippinger v. Fuller, 10 Kan. 377; Massy v. Clabaugh, 6 Ill. 26; Gould v. Thompson, 45 Iowa, 451; State v.

Winn, 19 Wis. 304; Grimm v. O'Connell, 54 Cal. 523; Black. Tax Tit. 376.

Any attempt to confer judicial powers upon the board is in contravention of the organic act, and void. Sec. 1907 Organic Act, Comp. Laws, p. 70.

No court, or other tribunal, can make an order, or render a judgment, binding upon a person who is not a party to it, and who has had no notice of, and does not appear in such proceedings. Wells on Jur., secs. 68–82; Thatcher v. Powell, 6 Wheat. 119.

Mandamus is the proper remedy. Sec. 1993, Comp. Laws.

F. W. CLANCY for defendant in error.

The writing, by W. S. Moore of his name on the back of the certificate of sale, was not such an assignment by indorsement as contemplated by the statute, and was ineffectual to transfer the same to the relator. Sec. 2885, Comp. Laws, 1884; 1 Bouv. Law Dict. 790; Anderson's Law Dict. 538; Rapalje & Lawrence Law Dict. 648, 649. See, also, Commonwealth v. Spilman, 124 Mass. 329; Powell v. Commonwealth, 11 Gratt. 830.

A certificate of tax sale is in no sense a negotiable instrument. Eaton v. Supervisors, 44 Wis. 492; Horn v. Garry, 49 Id. 469, 470; Black on Taxation, sec. 162; Watson v. Phelps, 40 Iowa, 483.

The writing of an assignment over the signature of the purchaser by the relator, after his death, was unauthorized, and the assignment so written was wholly inoperative and void. Miller v. McDonald, 72 Ga. 20; Lehigh v. Mohr, 83 Pa. St. 228; Clark v. Sigourney, 17 Conn. 523; Galt v. Galloway, 4 Pet. 344.

Under section 2885, Compiled Laws, no right or title can vest in an assignee of such a certificate until the assignment is "entered upon the record of tax sales in the office of the probate clerk. The wording

of the statute is plain and unambiguous, and there is
no occasion to go outside of its language to determine
its meaning." Suth. on Stat. Const., secs. 237, 321.

Section 351, Compiled Laws, authorizing the
county commissioners to take evidence as to claims
against the county, confers only quasi judicial powers,
necessary to the proper discharge of ministerial duties,
and is not in conflict with the organic act. Mechem
on Public Officers, sec. 639.

The defendant can not be compelled to make a
second deed to the same land under the same sale,
while the first deed remains uncanceled. Smithee v.
Mosely, 31 Ark. 425, 426; State v. Bowden, 18 Fla.
19; State v. Trustees, 1 & 2 Ohio, 301; Assurance
Co. v. Supervisors, 24 Barb. 167; High on Extra-
ordinary Rem., sec. 14.

Plaintiff has been guilty of such bad faith, laches,
omissions, and negligence that his claim is entitled to
no consideration. People ex rel. Kohler v. Hays, 5
Cal. 68, 69; High on Extra. Rem., secs. 16, 26, 30 b;
People v. Seneca Common Pleas, 2 Wend. 264; People
v. Delaware Common Pleas, Id. 256; Territory v.
Potts, 3 Montana, 364; Walcott v. Mayor, 51 Mich.
249; State v. R. R. Co., 43 N. J. Law, 505; True v.
Melvin, 43 N. H. 503.

Any alleged errors in the findings of law in this
case to which no exceptions were taken below should
not be considered. Peabody v. McAvoy, 23 Mich.
526; Cooper v. Schlesinger, 111 U. S. 148; Crabtree
v. Segrist, 6 Pac. Rep. 203.

The statement in the record that the relator
excepts to the findings of law is not certified by the
judge, nor in the bill of exceptions, nor is it a part of
the record, and can not be considered. Young v.
Martin, 8 Wall. 356, 357.

McFIE, J.—On the first day of December, 1890,
the petitioner, Charles H. Gildersleeve, filed his peti-

tion for a writ of mandamus, alleging, in substance, that one Santiago Baca, then sheriff and ex officio collector of said Bernalillo county, did on the first day of March, 1886, sell certain real estate, described as the Espiritu Santo Spring land grant, "for the taxes, interest, and costs due thereon for year 1885; that W. S. Moore became the purchaser, and that certificate of purchase was issued and delivered to said Moore by said sheriff; that on the twenty-fifth day of June, A. D. 1888, said Moore, for a valuable consideration, transferred and assigned said certificate by his written assignment to petitioner, and that said assignment was duly entered of record in the record of tax sales; that said real estate had not been redeemed from sale, and that petitioner was entitled to a deed for said property March 1, 1889; that on the first day of December, A. D. 1890, petitioner presented said certificate of purchase and assignment to the defendant, Jose L. Perea, collector of Bernalillo county, who was the successor in office of said Baca, and demanded a deed for the property, which was refused. Upon this petition alternative writ of mandamus issued, commanding the defendant to execute the deed, or show cause why he did not do so. Respondent filed a return to this writ in the nature of an answer, showing cause, admitting the sale of the property, and that it was purchased by said W. S. Moore, admitting that defendant was successor in office of Santiago Baca, as sheriff and ex officio collector of said Bernalillo county, and that he had refused to execute and deliver to petitioner said deed, but denying that said Moore had assigned said certificate to petitioner, as alleged. Respondent avers that in the month of August, 1888, said W. S. Moore died, leaving Barbara A. Moore, his wife, as his sole legatee; that on the twenty-seventh day of April, A. D. 1889, one George H. Moore, as administrator with the will annexed of the estate of the said W. S. Moore pre-

sented to the board of county commissioners of Bernalillo county his affidavit, whereby it was made to appear to the satisfaction of said board that said George H. Moore, as such administrator, and Barbara A. Moore, sole legatee, were entitled to a deed from the said respondent for the said real estate, and that the certificate of sale was lost; that said board thereupon ordered this respondent to make a conveyance of said real estate to said George H. and Barbara Moore, as administrator and sole legatee as provided by section 2892 of the Compiled Laws of New Mexico; that in obedience to the order of said board, as was his duty, respondent immediately made such deed, and delivered the same to said George H. Moore and Barbara A. Moore, conveying said property to them. The deed is filed as an exhibit to said return. Respondent, answering, further avers that up to the time of the execution and delivery of said deed there was no record or entry of such pretended assignment, and that defendant had no knowledge or information of the existence of any such assignment. On the sixth of December, A. D. 1890, and by agreement of parties, the trial was had by the court without a jury, and resulted in a refusal of the peremptory writ and a judgment for defendant. Petitioner brings the case to this court by writ of error, seeking a review and reversal of the judgment of the court below. The findings of fact and the conclusions of law of the lower court are found in the record, and, as it is conceded by the briefs of counsel on both sides that the findings of facts by the court below were correct, we will adopt them here for the purpose of this review.

"Facts: (1) That the levy on the Espiritu Santo Spring land grant and the sale thereof for taxes was made as set forth in the alternative writ, and admitted in the answer thereto, and that a certificate of said sale was duly executed and delivered to W. S.

Moore, the purchaser. (2) That the relator furnished said Moore with money to buy said property at said sale, and that said Moore in making such sale acted as agent of the relator. (3) That the relator did not appear as the purchaser at said sale, because, among other reasons, which were not stated, he claimed to be a part owner of the property. (4) That at some time subsequent to the sale, and before the expiration of the time for redemption from said sale, said Moore wrote his name on the back of the certificate, and delivered it to the relator. (5) That said Moore died some time in the month of August, 1888. (6) That on the twenty-seventh day of April, 1889, one George H. Moore, as the administrator with the will annexed of the estate of the said W. Scott Moore, presented to the board of county commissioners of Bernalillo county his affidavit, a copy of which is filed with the defendant's answer and marked 'Exhibit A;' that thereupon said board made an order, a copy of which is filed with the defendant's answer, and marked 'Exhibit B;' and that thereupon the defendant in obedience to said order, made, executed, and delivered to the said George H. Moore as administrator, and the said Barbara A. Moore as sole legatee, under the last will of the said W. Scott Moore, the deed, of which Exhibit C, filed with the answer, is a copy, and that up to the time of execution, delivery, and record of said deed there was no record or entry in the office of the said probate clerk of said county of any assignment of the said certificate of sale. (7) That the said deed was recorded on the first day of May, 1889; that on the second day of May, 1889, the relator wrote on the back of the certificate the assignment, which appears above the signature of the deceased, Moore, and caused the same to be entered on the records of sales in the probate clerk's office of Bernalillo county, New Mexico. (8) That on the first day of December, 1890, the relator

presented said certificate to the defendant, and demanded that he should, as sheriff and ex officio collector of Bernalilllo county, execute to him a deed for said real estate, and that defendant refused to make such deed. (9) That said land was not redeemed from such sale by any one prior to the first day of December, 1890."

There are some general principles applicable to writs of mandamus which should be borne in mind from the beginning of the inquiry in this cause. We will here state them: First, that, to entitle the relator to the writ, he must first show himself to be entitled legally to some right properly the subject of the writ, and that it is legally demandable from the person to whom the writ is directed; second, that the person to whom the writ is directed still has it in his power to perform the duty required; third, that whatever is required to be done by the said relator as a condition precedent to the right demanded must be shown affirmatively to have been done by him. People ex rel. Stevens v. Hayt, 66 N. Y. 606; People ex rel. Luger v. Geroy, Wood, Lim. pp. 37, 38; Brownsville v. Loague, 129 U. S. 493.

Keeping in mind these principles, we will first inquire, what legal right has the relator shown by his petition that entitles him to demand of the respondent a conveyance to him of the land in question? The CERTIFICATE of tax sale, assignment of: construction of statutes. relator does not deny that Moore purchased the property at tax sale, but seeks to recover on the ground that Moore assigned the certificate of sale to him. Any rights that relator may have, therefore, accrued to him as the assignee of the certificate, and not as the purchaser of land through the agency of Moore. Such are the allegations of the petition, and of course the proof must correspond, to be available. The respondent denies the validity of the assignment, and therefore

the right of the relator to recover by virtue of the
assignment is questioned. Relating to the assignment
of such certificates of sale, and the legal effect thereof,
section 2885, Compiled Laws, provides that "the cer-
tificate of sale shall be assignable by indorsement, and
the assignment thereof, when entered upon the records
of sale in the office of the probate clerk, shall vest in
the assignee or his legal representatives all the right
and title of the original purchaser." That such cer-
tificates of sale are assignable by indorsement is
undoubted. But what constitutes assignment by in-
dorsement, within the meaning of the section above
quoted? Plaintiff in error insists that to write the
name upon the back of the certificate is sufficient,
while the defendant in error contends that the word
"indorsement" has such meaning only when applied to
negotiable paper; that, when applied to such certifi-
cates or written instruments other than negotiable
paper, the words "assignable by indorsement" mean
that the assignment itself, as well as the name, should
be written upon the instrument. Plaintiff in error
refers us to 1 Bouvier's Law Dictionary, page 790, but
we find that Bouvier gives more than one definition, and
seems to make a distinction, based on negotiability,
that tends to support the contention of the defendant
in error. Bouvier says: "That which is written on the
back of the instrument in writing, and which has rela-
tion to it; writing one's name on the back of a prom-
issory note or other negotiable instrument." Ander-
son's Dictionary of Law, on page 538, gives the
following definitions of "indorse:" "To write upon
the back of any instrument or paper, as to indorse a
deed, with the date or book of its record; to indorse a
pleading filed with the time of receipt, payment of
costs, etc.; to indorse a warrant of arrest prior to
action under it in another county. * * * While
the word has no definite, technical meaning, other than

that of some writing 'upon the back,' its particular meaning is always determined by the context, if in writing, and by its connection if in spoken words. The word 'indorsement' has its primitive and popular sense of something written on the outside or back of a paper, on the opposite side from which something else had been previously written, when the context shows that that sense is necessary to give effect to the pleading or other instrument in which it occurs. (2) For the person to whom or to whose order a bill of exchange or a promissory note is payable to write his name upon the back of such bill, in order to assign over his property therein." Rapalje & Lawrence's Law Dictionary, at pages 648, 649, gives the following definition: "First. To 'indorse' is to write something upon the back of an instrument. * * * 'Indorsement' signifies either the act of indorsing or the writing itself." In the case of Com. v. Spilman, 124 Mass. 329, the following language is used: "But the word 'indorsement' has not a definite, technical meaning in law or in fact other than 'upon the back,' and its meaning is always determined by the context, if in writing." From these general definitions we are inclined to agree with the defendant in error that to write the name upon the back of an instrument would be a proper assignment when applied to negotiable paper, but, as applied to nonnegotiable instruments, such as certificates of purchase at tax sale, the terms of assignment should be written upon the instrument, as well as the name of the assignor, unless there is a specific provision of law that to sign the name upon the back of the instrument is a sufficient assignment to transfer the right, title, and interest of the owner to the assignee. In support of his contention plaintiff in error points to the fact that the supreme court of Wisconsin has repeatedly held that to write the name upon the back of the certificate of purchase at tax sale was

a legal and sufficient assignment to vest in the assignee all the right, title, and interest of the purchaser in such certificate; and it is asserted that the Wisconsin statute is similar in terms to section 2885 of the Compiled Laws of New Mexico. There is a material difference between section 1140 of the Wisconsin statutes and section 2885 of the Compiled Laws of this territory. Section 1140 of the statutes of 1859 of Wisconsin provides that such certificate "may be assigned by the purchaser by writing in blank his name on the back thereof." This statute specifically provides that writing the name upon the back of such certificate is a legal assignment. The provisions of the statute control. The decisions of the supreme court of Wisconsin, therefore, upon this statute, are not a construction of the language of our statute, nor of a statute similar to ours, and are therefore not in point in this case.

Our attention is called to the case of Swan v. Whaley et al., 35 N. W. Rep. (Iowa), 440, which it is urged supports the plaintiff in error's view that "assignment" by endorsement means writing the name upon the back of such certificates of purchase. This was an action in equity to cancel a deed. It appears that J. W. Phillips and Clark Fairfield were partners, and purchased a number of tracts of real estate at tax sale, Phillips taking the certificates in his own name, and, upon a division of the certificates, signing his name upon the back of those delivered to Fairfield. Fairfield, claiming to be the owner of the certificates, served notice of the expiration of the period of redemption provided by the statute, and afterward, by a complete assignment written over his name, he assigned the certificate to Whaley, who applied for and obtained a deed to the property. It was contended upon the trial that Fairfield was not the "lawful holder of the certificate," and therefore the notice served by him of the

expiration of the period of redemption was invalid, but the court held that he was the lawful holder of the certificate at the time the notice was given, and therefore had a right to give the notice. The court says: "Section 880 of the Code is as follows: 'The certificate of purchase shall be assignable by indorsement and the assignment thereof shall vest in the assignee or his legal representatives all the right and title of the original purchaser.' The contention is that this section requires a formal assignment, transferring to the assignee all the rights and interest of the purchaser, to be indorsed upon the certificate. So far as the objection that Fairfield was not the proper party to give notice to redeem is concerned, we deem it unnecessary to inquire as to the soundness of that position. Section 894 provides that the notice shall be given by the lawful holder of the certificate. By the 'lawful holder' is meant the one who in law is the owner of the certificate, and entitled to the rights and benefits which may accrue under it." It may be admitted that the court in that case, which was an action at equity, refused to cancel the deed executed upon the certificate thus assigned; but we think that the court did not go to the extent in that case of holding that such an assignment was the assignment contemplated by the statute. Indeed, the decision seems to show that the court avoided passing upon that particular question for the reason that it was unnecessary in the case under consideration. The court held that, for the purposes of that action, the assignment could not be questioned, because no assignment was necessary to warrant the treasurer in executing the deed, inasmuch as a law provided that the "lawful holder" was entitled to the deed upon producing the certificate.

The court, placing it upon the following ground, says: "A right in and to the certificate which would be enforcible in law can be created without the execu-

tion or recording of any assignment. The object of the provision is to afford the treasurer certain evidence of who is entitled to the deed when the right to one accrues. If, however, he should, without having any evidence of assignment, execute a deed to the one who in fact and in law was entitled to receive it, the question of its validity would not be affected by the fact that he acted without such evidence." But, if it be admitted that the supreme court of Iowa holds that to write the name of the assignor upon the back of the certificate is sufficient assignment to vest in the assignee all the right, title, and interest of the purchaser, it would not affect the contention in this case, for the reason that there is an important difference between the provisions of the Iowa code and the Compiled Laws of New Mexico upon that subject. It will be observed that the Iowa code provides that, when the assignment is made, the right and title of the assignor immediately vests in the assignee. There is no contingency whatever. There is a provision for the recording of the assignment, but the assignment is in no way conditional upon the recording of the instrument. Section 2885, Compiled Laws, provides that, "when the assignment of a certificate is entered upon the record of sales in the office of the probate clerk, it shall vest in the assignee or his legal representatives all the right and title of the original purchaser." The assignment, therefore, under the statute of New Mexico, is conditional upon something being done by the assignee to have the right and title of the original purchaser vest in him, and, until this is done, the right and title of the original purchaser does not pass to the assignee. It was the obvious intention of the framers of the statute of New Mexico to secure the entry of all assignments of certificates of tax sales, and in order to prevent delay, and secure prompt entry of such certificates in the record of tax sales in the office

RECORDING of certificate: title.

of the probate clerk, the statute provides, in effect, that the right and title of the original purchaser of such certificate shall be withheld until such time as the assignee records such assignment. The assignee may fail or refuse to have such record entry made, but if he does, and the rights of innocent parties intervene, he must suffer the consequences. It will be observed from the findings of fact that Moore wrote his name upon the back of the certificate some time prior to his death. The relator, seeming to recognize the fact that such assignment was not a compliance with the statute, more than three years after the certificate was issued to Moore, and several months after Moore's death, wrote a formal assignment above the name of Moore upon the back of the certificate. Plaintiff in error contends that, by virtue of Moore's having signed his name on the back of the certificate, he was authorized to write such assignment above the name, and a number of authorities are cited in support of that position.

We have examined the authorities cited by the plaintiff in error, and are of the opinion that they are applicable alone to what may be termed money demands or negotiable paper. As to such instruments, the signing of the name on the back carries with it the authority to write an assignment over the name. But certificates of purchase, under the statute of New Mexico, are not negotiable instruments. In Eaton v. Supervisors, 44 Wis. 492, and Horn v. Garry, 49 Wis. 469, it is distinctly held that they are not negotiable instruments. In Watson v. Phelps, 40 Iowa, 483, it is also held that such certificates are not negotiable, although the supreme court of that state holds that such certificates are simply choses in action, and may be transferred and sold as personal property. Our conclusion, therefore, is, as was concluded by the court below, that the assignment of the certificate of purchase insisted on by the plaintiff in error was not such an assignment as

vested in him the right and title of Moore up to the
time of Moore's death, and it could not thereafter be
vested by the assignee's writing an assignment over
Moore's signature. Such authority, even if it existed
before, expired upon the death of Moore. Clark v.
Sigourney, 17 Conn. 523; Miller v. McDonald, 72 Ga.
20; Galt v. Galoway, 4 Pet. In the case of Dolph v.
Barney, 5 Ore. 193, it is held: "A certificate of pur-
chase at a tax sale does not convey a legal title. It is,
however, evidence of an equitable title to the land, and
enables the purchaser to call in the legal title." These
certificates are the foundation of title, and may ripen
into full and complete legal title. Upon failure to
redeem, the purchaser is enabled to draw to himself,
by virtue of the certificate of purchase, a perfect legal
title. Assignments of such certificates are required to
be entered of record in this territory before the title to
them vests in the assignee, and they are too important
instruments to be transferred and sold, under the lib-
eral provisions of the law governing the sale and trans-
fer of negotiable instruments. We can not consent to
so construe the statute as to authorize the filling up of
an assignment by the assignee over a signature upon
the back of such instrument. Such assignment should
speak for itself, and, in all cases where such assignment
is made, its terms should be written upon the instru-
ment, in order that when it is entered in the record of
sales of the probate clerk it may clearly show the inten-
tion of the assignor. This case emphasizes the neces-
sity of such a construction of the statute. The
assignment was written over the alleged signature of
Moore after his death. In such a case it is completely
within the power of the assignee to frame the assign-
ment so that it might operate as a conveyance, whether
it was so intended by the deceased or not. It is beyond
the power of the assignor to explain under what circum-
stances, and with what intention, the name was written

upon the back of the certificate. His mouth is closed, and, as to facts occurring before death, section 2082, Compiled Laws, closes the mouth of the adverse party also, unless his testimony is corroborated. We do not hold that the signing of the name on the back of the certificate, for a valuable consideration, with the intention of transferring the certificate, would not give the holder such an equitable interest in the certificate and the rights accruing by virtue of it as would enable him to enforce them in a court of equity, but we are of the opinion that the transfer of the certificate, under the circumstances shown in this case, did not operate to convey the legal title therein to the relator, so as to enable him to maintain an action of mandamus.

Passing to the second point above indicated, was it within the power of the respondent at the time the suit was brought to perform the act required, and execute the conveyance of the land? The proof shows that the respondent, as collector of the county of CERTIFICATE of purchase: mandamus to compel sheriff to make deed. Bernalillo, had, prior to the institution of the suit, executed a conveyance to George H. Moore and Barbara A. Moore of the same land the relator sought to compel respondent to convey to him. Therefore, if the peremptory writ of mandamus was awarded by the court, the officer would have been compelled to execute a second deed to the same land to different parties. The return of the respondent sets out fully the proceedings before the board of county commissioners of Bernalillo county, by whose order he was commanded to excute the deed to George H. Moore and Barbara A. Moore, and to the return is appended, as an exhibit, the deed itself, which, by its recitals, sets out fully the proceedings before the board. This deed was acknowledged on the twenty-ninth day of April, 1889. The time of redemption having expired on the first day of March, 1889, it was executed by the respondent after the expiration of the

time for redemption. The proceedings set forth in the answer, and also in the deed itself, are regular, and in strict compliance with the provisions of the statute, which is as follows: "Section 2892. At any time after the expiration of the term of three years from the date of the sale of any real estate for taxes, under the provisions of this chapter, on demand of the purchaser, his heirs or assigns, and on presentation of the certificate of sale, the collector then in office shall make out a deed for each lot or parcel of real estate sold and remaining unredeemed, and deliver the same to the purchaser, his heirs or assigns. Whenever any certificate given by the collector for real estate sold for taxes shall be lost or wrongfully withheld from the owner, the board of county commissioners may receive evidence of such loss or detention, and, on satisfactory proof of the fact, may cause a deed, as aforesaid, to be executed to such person as may appear by them rightfully entitled thereto. Section 2983. The deed shall be signed by the collector in his official capacity, and attested by his official or private seal, and be acknowledged by him before some competent officer, and, when substantially thus executed and recorded in the proper register of conveyances, shall vest in the purchaser all the right, title, interest, and estate of the former owner in and to the land conveyed, and also all the right, title, interest, and claim of the territory and county thereto, and shall be prima facie evidence in all courts in the territory in all controversies and suits in relation to the rights of the purchaser, his heirs or assigns, to the land thereby conveyed, of the following facts: First, that the real estate conveyed was subject to taxation for the year or years stated in the deed; second, that the taxes were not paid at any time before the sale; third, that the real estate conveyed had not been redeemed from the sale at the date of the deed; fourth, that the property had been listed and

assessed at the time and in the manner required by law; fifth, that the taxes were levied according to law; sixth, that the property was advertised for sale in the manner and for the time required by law; seventh, that the property was sold for taxes, as stated in the deed; eighth, that the grantee named in the deed was the purchaser or the heir at law, or the assignee of the purchaser; ninth, that the sale was conducted in the manner required by law.''

These provisions of the law are very explicit, and the respondent, being the only officer who could execute the deed, is necessarily contemplated by the statute. Under the order of the board, it was clearly his duty to execute the deed set out in the answer, and he could have been compelled to do so in case of his refusal. Upon the death of Moore, his legal representatives found that the records showed the purchase of the land by Moore. There was nothing upon the record to indicate any assignment of the certificate of purchase. The administrator had a right to assume, in its absence, that the certificate was lost, and, therefore, make proof of the loss, in order that the parties entitled thereto might obtain a deed to the land. To give jurisdiction in such a case to the board of county commissioners it was only necessary that the proof of loss of the certificate should be satisfactory to them. If it was, they had a clear right, under the statute, to assume jurisdiction, and pursue it to the extent of ordering a deed to be made. The sheriff was powerless to resist the order of the board. It was his duty to make the deed. The remedy provided by statute was strictly pursued, and the deed was made as required by law. The sheriff, by the execution of that deed, exhausted his power in the premises, and, so long as that deed remains uncanceled, it is clear that the respondent has no power to execute a deed to the relator. That being true, it was not his duty to execute a second deed upon the demand of the

relator, and it would have been improper for the court to compel the respondent to execute a second deed. The first deed was a complete conveyance of title, and such it must remain until such time as it is canceled by legal proceedings. To have executed a second deed would have been to cast a cloud upon the title of the parties to whom the prior deed had been executed, and it was perfectly proper for the court to refuse to do so.

It will be observed that the same section of the statute that directs the collector to execute the deed to the purchaser at a tax sale contains the provision giving jurisdiction to the county commissioners to order the collector to execute a deed to the purchaser in all cases where the certificate of purchase is lost or wrongfully withheld. The relator is chargeable with notice of this provision of the law, and it was his legal duty to make a record entry of such assignment, as such record would have protected him from the operation of the latter provision of the statute, and by complying with the provisions of the statute he could have placed it beyond the power of the board of county commissioners to order a deed to be executed to George H. and Barbara A. Moore, and render the deed void if executed. He failed to comply with the statute until after the deed had been executed, and the respondent so recites in his answer that up to the time the deed was executed no assignment had ever been entered, and he had no knowledge of any assignment having been made. Under such circumstances, the relator has, by his own laches, slept upon his rights until title to the land became vested in innocent parties, and his rights, whatever they may have been prior to the execution of the deed by the collector are postponed to the rights of the grantees in the collector's deed. It can not avail the relator, after such deed is made, to allege that the certificate was not lost. So long as the proceedings before the board of county commissioners and

the deed under them remain in force, the court was bound to respect them, and properly refused to practically destroy rights accruing under them in a collateral proceeding.

The relator has failed to show affirmatively performance of conditions precedent to his right of recovery. The evidence shows that the alleged assignment of the certificate to him was not entered in the record of sales in the probate clerk's office until May 2, 1889. This was about eight months after the death of Moore, and after the execution, delivery, and recording of respondent's deed to George H. and Barbara A. Moore. Under the statute, the right and title of the purchaser and owner of the certificate does not vest in the assignee until the assignment is "entered in the record of sales." This was not done until after the death of Moore. Suppose Moore had signed his name upon the back of the certificate, it would be a mere naked transfer of an equitable interest, and the right and title in the certificate was still in Moore at the time of his death. The right and title of the purchaser in the certificate, which, under the law, was sufficient to draw to it the legal title to the land after the period of redemption had expired, immediately passed to Moore's legal representatives under the will, and from that time third parties became parties in interest in the certificate, and all the benefits accruing by virtue of Moore's purchase of the land, and they are necessary parties thereafter to all efforts to divest or cloud their title. The time of redemption expired March 1, 1889, and, the relator still failing to have the assignment entered in the record of sales, Moore's legatee and legal representative proceeded to acquire, and did acquire, title to the land in the manner provided by the statute. It is objected by plaintiff in error that he was not a party to the proceedings under which the former deed was executed, and therefore he is not bound by them. That may be

true to the extent that there may still be a remedy of which he is not deprived, but it does not follow that his remedy is by mandamus, which, as in this case, if successful, would operate upon and affect injuriously the real parties in interest, not parties to the record, without a hearing. The weakness of plaintiff in error's position lies in the fact that he failed to comply with the plain provisions of the statute, and he now seeks to avoid the effect of such failure. In the case of Reeds v. Morton, 9 Mo. 878, it is said: "But the party has withheld his instrument from record when he was required by law to place it there, and we can see that the owner of the land may have sustained an injury in consequence of his neglect. But, according to the principles above asserted [relating to the strictness required in this class of cases], we do not feel called upon to give reason why this thing should have been done. He who wishes to obtain an estate worth thousands of dollars for less than ten dollars, and under and by virtue of the law, is not to be permitted to ask why he should be required to do this or to do that. It is an answer that it is required by law. He claims by the law, then by that law let his pretensions be judged. The placing it on record after the time for redemption had expired was a nugatory act; it should have been seasonably recorded, and the failure to do so renders it void, and, by consequence, the auditor's deed." We think this reasoning is applicable to this case, in so far as it relates to the effect of a failure to record the alleged assignment. The statutes of Iowa, Wisconsin, and other states provide that the right, title, and interest of the original purchaser at a tax sale shall immediately vest in the assignee upon assignment of the certificate, but that is not true of an assignment of such certificate in New Mexico. The vesting of the right and title of the original purchaser in the assignee is conditional. The assignee was required to comply

with the conditions imposed by law, which in this case he clearly failed to do, and he can not be permitted to escape the consequences of his own neglect to the injury of innocent parties.

This case forcibly illustrates the wisdom of our statute. It was evidently intended to secure the prompt entry of record of all assignments of tax sale certificates, in order that the officer might know to whom he should execute the deed. Such assignments should be entered of record also to prevent the heirs of a deceased purchaser from being misled into presuming, in the absence of the certificate, that it is lost, and therefore apply for a deed under sections 2892 and 2893 of the Compiled Laws.

It seems to us that justice demands such a construction as we have placed upon the above statute, and, inasmuch as the relator by his failure to comply with the law has made himself responsible for the intervention of the rights of innocent parties, he should be remitted to such remedy as will preserve and determine the rights of all parties in interest in the premises. The courts have large discretionary powers in mandamus cases, and are very reluctant to grant the writ when it may injuriously affect the rights of third parties who are not before the court, and for that reason have often refused it. Oakes v. Hill, 8 Pick. 47; Ham v. Toledo, etc., Railroad Co., 29 Ohio St. 174; Merrill, Mand., sec. 33. It has been refused when the granting thereof might involve such third parties in difficulties and hardships, or might give advantage over them, which might embarrass them in suits growing out of the question. People v. Forquer, Breese, 68; People v. Curyea, 16 Ill. 547. The legal effect of the deed executed by the respondent was to vest in the grantees all the right and title of the former owners and of the county and territory. The grantees are the legatee and legal representative under the will of the deceased Moore. Section 2082, Compiled Laws, is as follows:

"In a suit by or against the heirs, executors, administrators, or assigns of a deceased person, an opposite or interested party to the suit shall not obtain a verdict, judgment, or decision therein, on his own evidence, in respect of any matter occurring before the death of the deceased person, unless such evidence is corroborated by some other material evidence." It is contrary to the spirit of this statute to allow a recovery in a suit against heirs of a deceased person upon the uncorroborated testimony of the adverse party. It is not necessary to consider whether this case falls within the letter of this statute or not; the facts show it to be within its spirit. The relator claims by virtue of an assignment, and the relator alone testifies that there was such an assignment. If the suit was brought against the heirs of Moore, who are the real parties to be affected by it, there could be no recovery upon the testimony alone of the adverse party; but by bringing this suit the relator seeks to accomplish the same result, and avoid the force of the statute, by making the officer respondent, instead of the representative of the deceased. But, more than this, the court finds that the relator was one of the owners of the land sold for taxes, that the relator furnished Moore with the money to purchase said property, and that the reason the relator did not purchase the land himself was because he was part owner. These facts are inconsistent with the allegations of the petition, but, if true, the relator discloses an effort on his part to secure an undue advantage of his cotenants, and, so far as his interest in the land is concerned, a purchase under such circumstances would merge in his former title, and be a redemption. Good faith must always appear, or the court will refuse the writ. The peremptory writ was properly denied.

We find no error in the proceedings, and the judgment of the court below is therefore affirmed, with costs.

O'BRIEN, C. J., and SEEDS and FREEMAN, JJ., concur.