SWAN v. WHALEY *et al.*

1. **Tax Sale:** NOTICE TO REDEEM: BY WHOM GIVEN: "HOLDER OF CERTIFICATE." Under section 894 of the Code, which provides that the notice to redeem from a tax sale shall be given by "the lawful holder of the certificate,"—when the purchaser indorses the certificate in blank and delivers it to another person with the intent thereby to transfer the property in it to such other person, such person is the "lawful holder," and is the proper person to give the notice; no matter whether or not the assignment has been recorded in the office of the county treasurer, under section 888 of the Code.

2. ———: ASSIGNMENT OF CERTIFICATE : NOT RECORDED : WHO ENTITLED TO DEED. P. and F., partners, bought in the land at tax sale. In the settlement of their affairs, P. indorsed the certificate in blank and delivered it to F. as his property. F. gave the notice to redeem, and then sold and assigned the certificate to W. Neither of the assignments was recorded in the treasurer's office. *Held* that such recording was not necessary to entitle W. to a treasurer's deed, and that a deed to him was valid.

3. ———: REDEMPTION BY CONTRACT WITH HOLDER OF CERTIFICATE : RISK ASSUMED. While a mode of redeeming from tax sales is pointed out by statute, the owner of the property may effect redemption by contract with the holder of the certificate ; but if he elects to take that course he must know at his peril whether the one with whom he deals is the owner of the certificate ; and the fact that no assignment is recorded is not conclusive evidence that none has been made, since the record of the assignment is not made constructive notice of the rights of the assignee.

*Appeal from Butler Circuit Court.*

FILED, DECEMBER 8, 1887.

ACTION in equity to cancel a tax deed. The circuit court denied plaintiff relief, and he appeals.

*Hemenway & Grundy,* for appellant.

*J. H. Scales* and *Gibson & Dawson,* for appellees.

REED, J.—The facts of the case are as follows : The real estate in question was sold in 1880 for the delinquent taxes of 1879, and was bid in by J. W. Phillips, to whom a certificate of purchase was issued. Clark Fairfield, however, was interested in the purchase of this and other tracts of real estate sold at the same sale, being in partnership with Phillips. Afterwards the partners made a division of the certificates acquired under the sale, and the one in question fell to Fairfield. For the purpose of transferring it to him, Phillips wrote his name upon the back of it, and delivered it to him. After the expiration of two years and nine months from the date of the sale, Fairfield caused the usual notice of the expiration of the period of redemption to be served on plaintiff, who was then in possession of the property, and the actual owner thereof, although the legal title was in another. After the service of the notice on plaintiff, Fairfield sold, and, by proper writing indorsed thereon, assigned the certificate to defendant A. A. Whaley ; but no evidence of that assignment, or the one from Phillips to Fairfield, was recorded in the treasurer's office. After the service of the notice to redeem on plaintiff, he applied to Alex. Christie for the loan of an amount of money sufficient to make the redemption. Christie preferred to purchase the certificate, and hold it or take a deed under it, and hold the title as security for the loan, and the parties agreed to take that course, provided the owner was willing to sell the certificate. They applied to Fairfield, and he agreed to assign the certificate to Christie for sixty-five dollars, which was slightly in excess of the amount that would have been required to redeem. He directed them to deposit the amount with the county auditor, and promised that he would assign the certificate to Christie, and leave it with the auditor, and receive the money. As a matter of fact, however, he had already sold and assigned it to Whaley, but had forgotten the transaction. Christie left the money with the auditor, and explained to him the arrangement with Fairfield, but

directed him, in case Fairfield did not assign the certificate and leave it with him before the expiration of the period for redemption, to apply the amount necessary to make the redemption on the last day of the period. Plaintiff was present at the time, and acquiesced in that direction. The parties learned afterwards, however, that Fairfield had not been able to find the certificate, and they determined that they would not make the redemption, but would wait until the certificate should be found, or a duplicate procured, and the assignment made, and they informed both the auditor and Fairfield of that determination ; but the money was permitted to remain in the auditor's hands. After the expiration of the period for redemption, Whaley presented the certificate to the county treasurer, who executed to him a tax deed of the premises.

I. It is contended that the transaction between Phillips and Fairfield did not amount to a legal assignment of the certificate to the latter, and 1. TAX sale: notice to redeem: by whom given: "holder of certificate." hence he was not the proper person to give the notice to redeem ; and, not being himself vested with the legal title to the certificate, his assignment to Whaley did not invest him with the title thereto, or entitle him to receive a deed thereunder. Section 888 of the Code is as follows : "The certificate of purchase shall be assignable by indorsement, and an assignment thereof shall vest in the assignee, or his legal representative, all the right and title of the original purchaser. * * * In case said certificate is assigned, then the assignment of said certificate shall be placed on record in the office of the county treasurer in the register of tax sales." The contention is that this section requires a formal assignment, transferring to the assignee all the rights and interests of the purchaser, to be indorsed upon the certificate. So far as the objection that Fairfield was not the proper party to give the notice to redeem is concerned, we deem it unnecessary to inquire as to the soundness of that position. Section

894 provides that the notice shall be given by "the lawful holder of the certificate." By "the lawful holder" is meant the one who in law is the owner of the certificate, and entitled to the rights and benefits which may accrue under it. Now, while the evidence of Fairfield's title to the certificate in question may have been defective, there is no doubt that he was in law the owner of it. He had it in possession under the transaction with Phillips, the only other person who ever had any interest in it, and who delivered it to him with the object of transferring to him the property in it, and who, at the time of the transfer, did what the parties supposed was essential to pass the title to him. If redemption had been made, he would have been entitled to receive the money, and if he had retained the certificate until the right to a deed accrued, he would have been entitled to it. Beyond doubt, we think he was "the lawful holder of the certificate."

II. It is contended that Whaley was not entitled to receive a deed of the property from the treasurer, because of the insufficiency of the assignment from Phillips to Fairfield, and of the fact that neither of the assignments under which he held was recorded in the treasurer's office.

2. —— : assignment of certificate : not recorded : who entitled to deed.

When the right to redeem the property from the sale expired, some person was entitled to receive a deed. The right to redeem terminated at the expiration of ninety days from the date of the service of the notice to redeem, and the right to a deed accrued at that time. Code, sec. 895. And of necessity that right must have accrued to some person. To whom did it accrue if not to Whaley? Clearly it did not accrue to either Phillips or Fairfield, for neither of them retained any interest in the certificate, nor was either of them claiming any interest therein. The intention of the statute is that the deed shall be given to the lawful owner of the certificate, and clearly Whaley was such owner. The certificate of purchase is a mere chattel, and, like any other article of personal property, is the subject of bargain and sale. The provisions of section 888, with

Swan v. Whaley.

reference to the assignment and the recording thereof in the register of tax sales, relate merely to the creation and preservation of the evidence of the sale. They are not essential to the sale itself. A right in and to the certificate which would be enforceable in law can be created without either the execution or recording of any written assignment. The object of the provision is to afford the treasurer certain evidence of who is entitled to the deed when the right to one accrues. If, however, he should, without having any evidence of the assignment, execute a deed to the one who in fact and law was entitled to receive it, the question of its validity would not be affected by the fact that he acted without such evidence.

III. Finally, it is contended that as Whaley neglected to place his assignment of record, and plaintiff contracted with Fairfield with reference to its purchase and assignment to Christie, with the view of effecting a redemption, and without notice of Whaley's assignment, the latter is now estopped to assert title under his deed. But the statute does not make the record of the assignment constructive notice of the rights of the assignee. While a mode of making the redemption is pointed out by the statute, the owner of the property may effect redemption by contract with the holder of the certificate. But if he elects to take that course, he must know at his peril whether the one with whom he deals is the owner of the certificate.

3. —— : redemption by contract with holder of certificate : risk assumed.

AFFIRMED.