THE AMERICAN EXCHANGE NATIONAL BANK OF THE CITY
OF NEW YORK, Appellant, v. W. H. CROOKS AND
SAME, Plaintiff, v. PHILIP DUNGAN.

**Taxation:** NOTICE. A notice of expiration of redemption from a
sale of land for taxes, addressed to "Am. Ex. Bank," in which
name the land is assessed, complies with the Iowa statute, requir-
ing the notice to be served on the person in whose name the land
is taxed, although the full name of the owner is "American
Exchange National Bank, of the city of New York."

*Same.* A recital in a tax deed that the certificate of the sale was
assigned to a specified person and by him to the grantee in the
deed, is, by the express provision for the Iowa Code, section 888,
presumptive evidence of the assignment.

EVIDENCE. The possession of a certificate of sale of land for taxes, and
the indorsement thereon of the name of the purchaser at the
sale, are *prima facie* evidence of ownership by the possessor,
under Iowa, Code, section 888, making such certificate assignable
by indorsement.

*Appeal from Boone District Court.*—HON. D. R. HIND-
MAN, Judge.

THURSDAY, FEBRUARY 6, 1896.

ACTION to quiet title. Judgments for defendants,
and the plaintiff in each case appealed.—*Affirmed.*

*Guernsey & Bailey, E. L. Penfield,* and *J. L. Stevens*
for appellant.

*Crooks & Snell* and *Jordan & Brockett* for appel-
lees.

GRANGER, J.—I. The two cases are submitted on
the same abstract and arguments, and our considera-
tions will be directed to the first-entitled case. The
land involved in this suit is the southeast quarter, of

the northeast quarter, of section 25, township 83, range 27, in Boone county, Iowa; and the plaintiff bank was the owner thereof prior to the tax sale, which took place December 5, 1887, for the taxes of 1886. The land was sold to Charles S. Hazlet, and the certificate of sale issued to him. It came into the possession of the defendant Crooks, and the name "Chas. S. Hazlet" is indorsed thereon. On the return of the certificate so indorsed, the tax deed issued to Crooks. The point is now made that there is no evidence that Hazlet ever parted with his title or interest in the certificate. We think the facts of possession by Crooks and the indorsement are *prima facie* evidence of ownership by Crooks. It is provided by Code, section 888, that the "certificate of purchase shall be assignable by indorsement." It is conceded on the authority of *Swan v. Whaley*, 75 Iowa, 623 (35 N. W. Rep. 440), that such an indorsement conveys the title upon proof that the parties so intended, but it is thought that the indorsement and delivery are not sufficient evidence of the fact of such intent. The fact of possession alone is some evidence of ownership, and the known purpose of an indorsement generally, and its legal effect in particular cases, strengthen the evidence, so that it is at least a *prima facie* showing of ownership. The indorsement and delivery were for some purpose, and a transfer of the certificate is the presumable one where no other purpose appears.

II. The tax deed to Crooks bears date December 20, 1890. The plaintiff bank was then the owner, and the notice of expiration of redemption was addressed to "Am. Ex. Bank and John Staley." The "Am. Ex. Bank" was the name, as it appeared on the lists, to whom the land was taxed. John Staley was the person in possession of the land. It is contended that Crooks had the necessary knowledge

or information to enable him to give the true name of the owner, and that it was his duty to do so. This is thought to be so, because in his affidavit of completed service, he states that the "Am. Ex. Bank" is a non-resident, and hence he must have known the true name of the owner. That conclusion does not follow necessarily. The most that can be said is, that he knew there was no such bank in Boone county as that appearing on the lists as owner. It is true, as claimed, that the name is abbreviated on the lists, but the abbreviation does not correctly or reasonably suggest the name of the plaintiff bank, which appears in the record as the "American Exchange National Bank of the City of New York." If the name given in the notice of the expiration of redemption is not such an abbreviation of the name of the plaintiff bank as that the publication, under that name, would be one of the bank as owner, then it as conclusively follows, that the land was not taxed in the name of the bank. The law is, that the notice shall be served on the person in whose name the land is taxed; not necessarily on the owner. In *Van Gorder v. Hillyer*, 65 Iowa, 227 (21 N. W. Rep. 578), it is held that where, by mistake, land is taxed in the wrong name, a notice addressed to the real owner, is not sufficient to support a deed. It must be addressed to the person in whose name it is taxed, even though it is a mistake. It seems to us that the notice is in compliance with the law.

III. In the second case, against Dugan, the deed to defendant was made by John L. Cunningham, who took the tax deed. The certificate in that case issued to L. and H. Goeppinger and W. H. Crooks. It is urged that there is nothing to show that Cunningham owned the certificate. The same considerations apply as in the other case, where Crooks held the certificate indorsed by Hazlet. It may further be said, as to this case, that in the tax deed to

Cunningham, it is recited that the certificate was assigned to W. H Crooks, and by him to Cunningham. In Code, section 888, it is provided that "the statement in the treasurer's deed of the fact of the assignment, shall be presumptive evidence of such assignment." The judgment in each case is AFFIRMED.